**Warren BASS, Plaintiff,**

v.

**Thomas A. COUGHLIN III; Raymond Vroaddus; Earl B. Moore; James Plescia; Gloria Butler–Conrad; and John Glasheen, Defendants.**

No. 89–CV–1149.

United States District Court,
N.D. New York.

Dec. 11, 1991.

Warren Bass, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., Albany (Darren O'Connor, Asst. Atty. Gen., of counsel), for defendants.

### MEMORANDUM–DECISION AND ORDER

McAVOY, District Judge.

### I.

### INTRODUCTION

On July 19, 1991, Magistrate Judge Di-Bianco Ordered that Plaintiff's motion to compel discovery be denied; recommended that Plaintiff's motion for summary judgment be denied; and recommended that Defendants' motion for summary judgment be denied. Both Plaintiff and Defendants have filed written objections to the magistrate judge's Order and Report Recommendation. The objections concern the recommendation that the motions for summary judgment be denied. Plaintiff also objects

to the magistrate judge's conclusion that his claims for injunctive relief are moot. Plaintiff does not object to the denial of his motion to compel discovery.

This court has reviewed the record and finds that the relevant factual and procedural background of this case as set out in the Order and Report Recommendation is accurate. That section of the proposed order is incorporated here by reference. The facts important to the motions under consideration are as follows.

Plaintiff has brought this civil rights action under 42 U.S.C. § 1983 against certain officials at the Department of Correctional Services of the State of New York (DOCS). Plaintiff alleges that while he was confined in the Clinton Correctional Facility in Dannemora, New York from June 27, 1989 to May 18, 1990, he was denied his constitutional right to receive a kosher diet.

Plaintiff states that he is an adherent to the Jewish religion. In January, 1989, he spoke with a Jewish chaplain regarding permission to receive a kosher diet. On February 1, 1989, Rabbi Ponn confirmed plaintiff's religious sincerity and requested that the cold alternative diet (CAD) be provided to plaintiff.[1] DOCS provides the CAD to prisoners at Clinton, but only if the prisoner was previously enrolled in the kosher diet program at Green Haven Correctional Facility in Stormville, New York.[2] Plaintiff's subsequent requests for the CAD and for transfer to Green Haven were denied. On May 18, 1990, the plaintiff was transferred to Green Haven and began receiving a kosher diet.

Defendants claim that they provided acceptable alternatives to Plaintiff. They state that Plaintiff could have purchased his own food, had friends or family send care packages, or simply chose only kosher items in the prison food service line.

Plaintiff states that he could not afford to purchase his own food through the commissary program and that, in any event, there is no kosher demarcation on the commissary order form. Plaintiff further states that he had no outside resources to provide food through the package program, and that the prison food service line program does not provide kosher food.

## II.

### DISCUSSION

#### A. Standard of Review.

These motions were referred to Magistrate Judge Di Bianco for a report and recommendation. The motions for summary judgment are dispositive of the substantive claims made by Plaintiff. Accordingly, under Fed.R.Civ.P. 72(b) and Local Rule 43 of the Local Rules of the United States District Court for the Northern District of New York, this court must "make a de novo determination upon the record" of the motions before the court. Fed.R.Civ.P. 72(a); Local Rule 43. After making a de novo determination, this court may "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions." Fed.R.Civ.P. 72(b).

#### B. Summary Judgment.

Summary judgment is properly granted when it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2nd Cir.1990). To withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

#### C. Plaintiff's Objections to the Recommendations.

Plaintiff's enumerated objections to the magistrate judge's report are not directed at the magistrate's analysis of the law.

---

1. The CAD consists of fresh fruits and vegetables, eggs, milk, kosher pastry, cheese, and bread, fruit juices, iced tea, and coffee.

2. Department of Correctional Services Directive # 4202(L)(3).

First, plaintiff objects to certain statements of fact contained in the Order and Report Recommendation. His objections in this regard are without merit. Upon review of the recommendations and the facts in this case, the court finds that each of plaintiff's objections to the facts are implicit in the proposed order. *See* Order and Report Recommendation at p. 3, fn. 3; p. 10.

Second, plaintiff objects to the magistrate judge's finding that neither the complaint nor the affidavits precisely allege that the food service line does not provide the minimum required diet of religiously acceptable foods. Upon review of the complaint and affidavits submitted by the plaintiff this court agrees with Magistrate Di Bianco that this allegation is sufficiently implicit in paragraphs 19 and 25 of plaintiff's amended complaint and in plaintiff's June 29, 1989 letter to defendant Thomas Coughlin III.

Finally, Plaintiff objects to the proposed order's finding that the claim for injunctive relief is moot. See Order and Report Recommendation p. 10–11. Plaintiff has been transferred to Green Haven and is participating in the kosher diet program there. The court finds that the amended complaint does not state a claim for injunctive relief from the diet Plaintiff is currently served at Green Haven. Accordingly, Plaintiff's objections are rejected.

### D. Defendants' Objections to the Recommendations.

Defendants object to the Order and Report Recommendation on two grounds. First, they argue that the DOCS policies did not, as a matter of law, violate any of Plaintiff's rights. Second, that even if plaintiff's rights were violated here, summary judgment should have been granted because the defendants are entitled to the protection of qualified immunity. These arguments are addressed below.

### 1. Constitutionality of DOCS's refusal to provide Plaintiff with a kosher diet.

■ With regard to Defendant's objection to the magistrate's analysis of the constitutionality of DOCS' policies, Defendants rely on the brief they submitted to the magistrate judge. Upon review of the record and the applicable law, this court agrees with the magistrate judge that a material issue of fact prevents summary judgment.

The magistrate correctly noted that the applicable standard to be applied to the First Amendment claim is one of reasonableness. This court must consider whether the regulation at issue is "reasonably related to legitimate penological interests." Order and Report Recommendation at p. 6 (quoting *Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir.1990)). *See also Fromer v. Scully,* 874 F.2d 69, 73–74 (2d Cir.1989); *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987); *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987).

In passing on the "reasonableness" of the restriction in this case, the magistrate judge was required to examine whether the DOCS provided plaintiff with an alternative means of fulfilling his dietary responsibilities. *O'Lone,* 482 U.S. at 350–53, 107 S.Ct. at 2405–2407; *Benjamin,* 905 F.2d at 547. Defendants claim that the food service provided an adequate alternative to a kosher diet. Plaintiff disagrees. Magistrate Judge DiBianco correctly held that this question of fact precludes summary judgment. Order and Report Recommendation at p. 8.

### 2. Qualified Immunity Defense.

Defendants next object to Magistrate Judge DiBianco's refusal to grant summary judgment on the ground that the defendants are qualifiedly immune. The magistrate judge held that Plaintiff did have a clearly established right to a religiously acceptable diet. Order and Report Recommendation at p. 12. However, the magistrate judge further found that the disputed issue of fact concerning whether or not Plaintiff was provided a religiously acceptable alternative diet in the food service precludes summary judgment. Order and Report Recommendation at p. 12.

Defendants take issue with the finding that the right to a kosher diet is clearly established. Defendant's argue that even assuming the food service did not provide kosher food, and assuming the failure to supply a religiously acceptable alternative diet violated plaintiff's First Amendment rights, that right was not clearly established at the time. Defendant's Brief at p. 3.

### a. Applicable Standard.

■ Officials of the Executive Branch who exercise discretionary functions are generally accorded qualified immunity for actions taken within the scope of their official duties. *Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982). "Qualified or 'good faith' immunity for actions taken within the scope of an official's duties is an affirmative defense that must be pleaded by a defendant official." *Harlow,* 457 U.S. at 815, 102 S.Ct. at 2736. "Once qualified immunity is pleaded, plaintiff's complaint will be dismissed unless defendant's alleged conduct, when committed, violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Williams v. Smith,* 781 F.2d 319, 322 (2d Cir.1986), *quoting, Harlow,* 457 U.S. at 815, 102 S.Ct. at 2737.

■ Whether an official is entitled to summary judgment based on qualified immunity for acts taken within the scope of his discretion depends on the objective legal reasonableness of his actions in light of (1) clearly established law and (2) the facts possessed by the official at the time. *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738.

The U.S. Supreme Court clarified the concept of "clearly established law" in *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). In *Anderson,* the court explained that the issue must be examined in a particularized sense:

> "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by

qualified immunity unless the very action in question has previously been held unlawful, see *Mitchell [v. Forsyth], supra,* [472 U.S. 511] at 535, n. 12 [105 S.Ct. 2806, 2820 n. 12, 86 L.Ed.2d 411]; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." [citations omitted].

*Anderson,* 483 U.S. at 640, 107 S.Ct. at 3039. *See also Davis v. Scherer,* 468 U.S. 183, 195, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 (1984) (Officials must be able to "anticipate when their conduct may give rise to liability for damages.").

Using an objective standard permits the resolution of insubstantial claims on summary judgment. As the court in *Harlow* stated:

> [T]he judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at the time was not clearly established, an official could not … fairly be said to 'know' that the law forbade conduct not previously identified as unlawful … If the law was clearly established, the immunity defense should ordinarily fail, since a reasonably competent official should know the law governing his conduct.

*Harlow,* 457 U.S. at 818–19, 102 S.Ct. at 2738. Thus, this court must determine whether plaintiff had a clearly established right to an alternative diet under the circumstances. *Shabazz v. Coughlin,* 852 F.2d 697, 700–01 (2nd Cir.1988).

### b. Constitutional status of Plaintiff's claimed right to kosher food.

■ In assessing whether the law was clearly established on a particular issue, the court is to examine United States Supreme Court or Second Circuit Court of Appeals precedent. *Shabazz v. Coughlin,* 852 F.2d at 700–01. If the Second Circuit has not determined the right, the court must look to see if Second Circuit case law foreshadowed a ruling on the constitutionality of the practice. *Id.* Then the court may look to other circuits. *Id.* The acts

complained of in this case occurred from June 27, 1989 to May 18, 1990.

In *Kahane v. Carlson,* 527 F.2d 492 (2d Cir.1975) (J. Friendly concurring), the Second Circuit held that prison authorities must provide "a diet sufficient to sustain the prisoner in good health without violating the Jewish dietary laws, without otherwise mandating specific items of diet." *Id.* at 496. In so holding, the court brought the law in the Second Circuit into line with other circuits which had ruled on the question. *Chapman v. Kleindienst,* 507 F.2d 1246, 1251 (7th Cir.1974); *Ross v. Blackledge,* 477 F.2d 616 (4th Cir.1973); *Barnett v. Rodgers,* 410 F.2d 995 (D.C.Cir.1969).

*Kahane* has never been overruled and remains the law in this circuit. Indeed, from the time the *Kahane* decision was handed down, through the time when the allegedly unconstitutional acts occurred in this case (and even up to today) every indication has been that the holding of *Kahane* is still in effect. *See Benjamin v. Coughlin,* 905 F.2d 571, 579 (2d Cir.1990) ("Prisoners have a right 'to receive diets consistent with their religious scruples.'" (quoting *Kahane, supra.*)); *U.S. v. Muhammed,* 571 F.Supp. 1236, 1240 (S.D.N.Y. 1983) (citing *Kahane* with approval); *Moorish Science Temple of America, Inc. v. Smith,* 693 F.2d 987, 990 (2d Cir.1982) ("[T]his Court has 'properly recognized that prison authorities must accommodate the right of prisoners to receive diets consistent with their religious scruples'" (quoting *Kahane, supra.*)); *Johnson v. Harris,* 479 F.Supp. 333, 338 (S.D.N.Y. 1979) ("In *Kahane v. Carlson,* [footnote omitted] for example, the Second Circuit upheld a mandatory injunction requiring prison authorities to provide an Orthodox rabbi with meals 'consistent with [his] religious scruples.'" (quoting *Kahane, supra.*)); *U.S. v. Levi,* 439 F.Supp. 114, 129 (S.D.N.Y.1977) ("Jewish inmates obedient to this requirement are given Kosher meals since our Circuit ordered support of this dietary restriction."); *Ross v. Coughlin,* 669 F.Supp. 1235, 1241 (S.D.N.Y.1987) ("The courts have recognized that prison authorities must accommodate the rights of prisoners to receive diets consistent with

their religious beliefs."). The magistrate judge held, accordingly, that Plaintiff had a "clearly established" right to a kosher diet at the time of the acts complained of. Order and Report Recommendation at p. 12.

Defendants object to the Magistrate Judge's conclusion that the right to a kosher diet was clearly established at the time. Defendants correctly point out that the standard of review which the Second Circuit applied in *Kahane* was held to be too strict for the prison context in *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). In *Turner,* the U.S. Supreme Court clarified the standard of review for constitutional challenges to prison regulations. The Court rejected the heightened scrutiny standard of "important or substantial" in favor of a reasonableness test: "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 89, 107 S.Ct. at 2261–62. Because the applicable standard to prison policies had changed and the Second Circuit had not reaffirmed the *Kahane* holding using the lessor "reasonableness" standard, the defendants urge this court to conclude that the right to kosher food was not "clearly established". The court is not persuaded by this argument.

■ As noted above, there was no indication in the case law that the rule of *Kahane* had changed, or that it would be changed. To the contrary, at the time of the complained of acts all of the published decisions from within this circuit clearly reaffirmed that a Jewish prisoner is entitled to a balanced diet that does not offend their faith. *See* discussion, *supra,* pp. 1070–71. When the Court of Appeals announces a principle of law for this circuit, it remains the law until the case is overruled or reversed. DOCS officials should not be entitled to speculate as to how the Court of Appeals would rule if faced with the question again. DOCS officials are responsible for knowing the law applicable to their positions at that particular time.

Any uncertainty that Defendants may have had should have been laid aside by *Ross v. Coughlin, supra.* In *Ross,* the court, *inter alia,* denied the defendants' motion to dismiss plaintiff's due process action under 42 U.S.C. Sec. 1983 for deprivation of his right to receive a kosher diet. The *Ross* court acknowledged that the applicable standard was the reasonableness standard set out in *Turner.* Nevertheless, relying on *Kahane,* the court held the plaintiff had a protected interest in receiving a diet that did not violate the laws of Kasruth. Thus, the law in this circuit even after the *Turner* decision was clear: prisons must provide diets which do not violate a prisoner's religious beliefs.

### c. Summary Judgment is not Proper Here.

While the right to a kosher diet was "clearly established" during the time in question, the magistrate judge correctly concluded that summary judgment was not proper on the qualified immunity question. Prison authorities have reasonable discretion in selecting the means to effect prisoners' rights. *Kahane v. Carlson, supra,* 527 F.2d at 496. There is a material question of fact as to whether Plaintiff was given an adequate alternative diet in the prison food service. Accordingly, Defendants' motion for summary judgment on the defense of qualified immunity is denied.

### III.

### CONCLUSION

Upon review of the parties' briefs and supporting papers on this matter and for the reasons set forth above, this court adopts Magistrate Judge DiBianco's July 19, 1991 Order and Report Recommendation. It is hereby

ORDERED that plaintiff's motion for summary judgment is denied, and it is further

ORDERED that defendants' motion for summary judgment is denied.