**Warren BASS, Plaintiff–Appellee,**

v.

**Thomas A. COUGHLIN, III, Raymond Broaddus, Earl D. Moore, James J. Plescia, Gloria Butler–Conrad, and John Glasheen, Defendants–Appellants.**

**No. 84, Docket 91–2602.**

United States Court of Appeals, Second Circuit.

Submitted Sept. 17, 1992.

Decided Sept. 24, 1992.

Warren Bass, plaintiff-appellee pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., Albany, N.Y. (Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, and Martin A. Hotvet, Asst. Attys. Gen., of counsel), for defendants-appellants.

Before: KEARSE, PRATT and McLAUGHLIN, Circuit Judges.

PER CURIAM:

Defendants Thomas A. Coughlin, III, *et al.*, New York State prison officials, appeal from an order of the United States District Court for the Northern District of New York, Thomas J. McAvoy, *Judge,* denying their motion for summary judgment on the ground of qualified immunity in connection with their rejection of requests in 1989 and 1990 by plaintiff Warren Bass, a prisoner, for meals prepared in accordance with the dietary laws of his religion. Defendants contend that though the state of the law requiring compliance with such requests had once been clear, it was beclouded by subsequent Supreme Court decisions. We disagree. At least as early as 1975, it was established that prison officials must provide a prisoner a diet that is consistent with his religious scruples. *See Kahane v. Carlson,* 527 F.2d 492 (2d Cir.1975). *Kahane* has never been overruled and remains the law. *See, e.g., Benjamin v. Coughlin,* 905 F.2d 571, 579 (2d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 372, 112 L.Ed.2d 335 (1990). The principle it established was not placed in any reasonable doubt by intervening Supreme Court rulings in *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), and *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), that prison officials need meet less exacting standards when a prisoner's interest in marrying, or attending religious ceremo-nies, or maintaining the length of his hair is to be balanced against interests of rehabilitation and prison security.

Accordingly, we affirm the denial of defendants' summary judgment motion substantially for the reasons stated in the district court's opinion published at 800 F.Supp. 1066 (N.D.N.Y.1991).