**Ronald DAVIDSON, Plaintiff,**

v.

**Charles SCULLY, et al., Defendants (Two Cases).**

**Ronald DAVIDSON, Plaintiff,**

v.

**Thomas COUGHLIN, III, et al., Defendants (Two Cases).**

Nos. 81 Civ. 0390(PKL), 81 Civ. 0617(PKL), 81 Civ. 5657(PKL), 83 Civ. 2404(PKL) and 83 Civ. 2405(PKL).

United States District Court, S.D. New York.

Jan. 19, 1996.

---

Stroock & Stroock & Lavan, New York City for Plaintiff (Edward P. Grosz, of counsel).

Dennis C. Vacco, Attorney General of the State of New York, New York City for Defendants (Robert F. Bacigalupi, of counsel).

### OPINION AND ORDER

LEISURE, District Judge:

Plaintiff has moved for a preliminary injunction against the defendants to "correct" certain conditions of his incarceration in the special housing unit at Auburn Correctional Facility. Specifically, he requests certain medical care regarding his eye condition, tinnitus, allergies, podiatric condition, post-surgery hernia condition, knee condition, urological problems, dermatological problems, and cardiological problems; he requests certain furnishings and supplies for his cell to ease his writing; he requests that his exercise conditions be improved and made more secure; and he requests that his kosher diet be maintained, even when he is placed on a restricted diet as punishment for violating prison rules.

██ "A party seeking injunctive relief ordinarily must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33 (2d Cir. 1995). However, in this application for an injunction forcing the defendants to change certain prison conditions, " 'appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief,' particularly when it comes to regulating a state's administration of its own facilities, including its schools and prisons." *Dean v. Coughlin*, 804 F.2d 207, 213 (2d Cir.1986) (citation omitted) (quoting *Rizzo v. Goode*, 423 U.S. 362, 379, 96 S.Ct. 598, 608, 46 L.Ed.2d 561 (1976)). In fact, the Second Circuit has held that where a preliminary injunction "seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the less rigorous fair-ground-for-litigation standard should not be applied." *Sweeney v. Bane*, 996 F.2d 1384, 1388 (2d Cir.1993) (internal quotation marks omitted). Therefore, out of deference to the state's judgments on how to administer its prisons, the Court holds that an application of the less rigorous standard is inappropriate. *Cf. Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir.1985) ("Judicial reluctance stems not from insensitivity; rather it reflects an awareness of the relatively nar-

row authority of judges and the appropriate, but by no means unlimited, deference to be accorded the decisions of prison administrators."). Therefore, before the Court can consider granting the requested injunction, plaintiff must demonstrate irreparable harm and a likelihood of success on the merits. The Court will consider the separate categories of complaints individually.

### 1. Medical Claims

■ Plaintiff's request for a preliminary injunction regarding his medical conditions must fail because he has not shown a likelihood of success on the merits of these claims. "To establish an unconstitutional denial of medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994) (alteration in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)), *cert. denied*, — U.S. —, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995). This test includes both an objective and subjective element.

> First, the alleged deprivation must be, in objective terms "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 [111 S.Ct. 2321, 2324, 115 L.Ed.2d 271] (1991). *See Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir.1990) (Pratt, J., dissenting) (standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain").

*Hathaway*, 37 F.3d at 66. The second, subjective element of the standard requires that the charged official act with "more than negligence, but less than conduct undertaken for the very purpose of causing harm." *Id.*

■ Plaintiff here has failed to satisfy the Court that there is a likelihood of success on the merits in establishing the first element. The logic by which failures in medical treatment are actionable under 42 U.S.C. § 1983 is that denial of medical care may rise to the level of cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff's medical complaints spring from conditions which do not produce death, degeneration, or extreme pain. His complaints, though serious, concern conditions which many people suffer from and function despite

on a day-to-day basis and the fact that a sufferer is incarcerated does not elevate every perceived lack of treatment to the level of cruel and unusual punishment. The state need not treat these conditions at a level that "exceeds what the average reasonable person would expect or avail herself of in life outside the prison walls. The [Auburn Correctional Facility] is not a health spa, but a prison in which convicted felons are incarcerated." *Dean*, 804 F.2d at 215.

■ Plaintiff's eye condition amounts to a demand to be housed in a smoke-free environment, to be given a particular type of eye drops, and to be given new eyeglasses. Plaintiff asserts that the smoke-free environment and eye drops are necessary to ameliorate his eye condition. However, the Court finds that even if the defendants were deliberately indifferent to plaintiff's eye condition, it is not sufficiently serious that their shortcoming would amount to a constitutional violation. Plaintiff's request for new eyeglasses also does not present a constitutional claim, because it is unlikely that he can show deliberate indifference on the part of defendants, in light of their repeated attempts to provide eyeglasses that satisfy plaintiff.

■ Plaintiff's tinnitus also is not an urgent medical condition the maltreatment of which presents a constitutional claim. Tinnitus is a condition of the ear manifested in a ringing sensation in the sufferer. While this condition may very well be painful, it does not cause death, and plaintiff has not adduced sufficient evidence that his condition is degenerative or causes extreme pain. His supporting papers rather contain a collection of complaints of circumstances that make his condition more difficult to bear, such as a noisy environment, insufficient supply of ear plugs, failure to provide him with the medicine of his choice, and failure to permit him to participate in a sleep study. These circumstances, which if changed might ease his condition, do not amount to cruel and unusual punishment.

■ Similarly, plaintiff's complaints regarding his allergy condition, his podiatric condition, his post-surgery hernia condition, his knee condition, his urological problems,

his dermatological problems, and his cardiological problems do not present urgent medical conditions the maltreatment of which amounts to cruel and unusual punishment in violation of the Eighth Amendment. However appropriate certain care of these conditions may be, the conditions themselves, as presently alleged, are not life-threatening and do not cause the type of extreme pain cognizable in a constitutional claim.

Because the Court finds that plaintiff cannot demonstrate a likelihood of success on the merits by satisfying the objective element of the deliberate indifference standard, the Court need not undertake to determine whether plaintiff has demonstrated a likelihood of success on the merits of showing that the nearly constant medical attention plaintiff receives actually masks a deliberate pattern to deny necessary treatment or deliberate indifference to his legitimate medical complaints. Nor need the Court determine whether denial of the injunction will cause irreparable harm.

2. *Requests for Certain Furnishings and Writing Supplies*

 Plaintiff complains that his furnishings and supplies are inadequate and this interferes with his ability to prepare his cases. Although argued as a motion for a preliminary injunction, plaintiff in fact has moved for an order unrelated to the merits of his underlying claims, because there is no actual controversy between the parties before the Court regarding the adequacy of plaintiff's furnishings and supplies. This Court stated in response to plaintiff's application to increase his telephone contact with his lawyer that

> Based on the extraordinarily voluminous and dilatory filings in this case, the Court finds that the present arrangement of one thirty minute telephone call per week to be

adequate and sufficient. Plaintiff has not demonstrated that defendants are, in fact, stifling his ability to prepare these cases for trial, and defendants have provided ample justification for limiting plaintiff's telephone time as they have.

*Davidson v. Scully,* Nos. 81 Civ. 390, 617, 5657, 83 Civ. 2404–05 (PKL), slip op. at 3 (S.D.N.Y. Jan. 4, 1996). The same can be said for plaintiff's present arrangement regarding his furnishings and supplies.

 Furthermore, even if plaintiff's underlying lawsuits presented a claim related to his furnishings and supplies, the Court would decline to issue a preliminary injunction, because plaintiff would not be able to demonstrate a likelihood of success on the merits of such a lawsuit.[1] Although, as plaintiff contends, having to sit on his bed and write on a shelf attached to the wall of his cell with an undersized pen, using only his overhead light fixture as lighting, may cause strain and make his writing efforts less comfortable, his complaints do not amount to an unconstitutional denial of reasonable access to the courts. The state's decisions regarding the furnishings and supplies available to inmates housed in the special housing unit are reasonably related to legitimate penological interests. *See Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987) (holding that prison regulations are valid if reasonably related to legitimate penological interests). The need to limit furniture and light fixtures in the special housing unit to those items that are immobile is reasonably related to the legitimate penological interest in preventing inmate access to items which are easily converted into weaponry. The same is true of the practice of issuing only undersized pens.[2]

 Plaintiff's arguments that different items are available in other prisons' spe-

---

1. The Court does not consider whether plaintiff can show irreparable harm from denial of the preliminary injunction because the court finds that the requested relief is unrelated to the merits of plaintiff's lawsuits and, even if it were related, plaintiff would not be able to show likelihood of success on the merits.

2. Plaintiff also complains that defendants have refused to supply him with 8½ × 11 in. paper,

which refusal would not be reasonably related to a legitimate penological goal. However, defendants have denied this allegation and stated that proper sized paper is available to plaintiff. Therefore, the Court finds that plaintiff has not shown a likelihood of success on the merits even of a claim relating to the size or amount of the paper with which he is provided.

cial housing units are unavailing, for the law is clear that "the Constitution 'does not mandate a "lowest common denominator" security standard, whereby a practice permitted at one penal institution must be permitted at all institutions.'" *Id.* at 95 n. \*, 107 S.Ct. at 2265 n. \* (quoting *Bell v. Wolfish,* 441 U.S. 520, 554, 99 S.Ct. 1861, 1882, 60 L.Ed.2d 447 (1979)). In addition, it does not inexorably follow from plaintiff's claimed difficulties due to inadequate furnishings and supplies that he has been denied access to the courts. *See Strickler v. Waters,* 989 F.2d 1375, 1385 (4th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993). In order to carry his burden of demonstrating a likelihood of success on the merits, plaintiff would have to be able to demonstrate an actual denial of access to the courts resulting from his conditions. *See Salahuddin v. Coughlin,* 591 F.Supp. 353, 360 (S.D.N.Y.1984). "'A demonstration of inability to present a legal claim is an essential ingredient of a suit such as this because the prisoner must be able to show that the rules interfered with his entitlement (access to the courts) rather than with a mere instrument for vindicating an entitlement (access to [better furnishings and supplies]).'" *Strickler,* 989 F.2d at 1385 (quoting *DeMallory v. Cullen,* 855 F.2d 442, 452 (7th Cir.1988) (Easterbrook, J., dissenting)). Although plaintiff asserts that his papers have been returned by the Court for failing to conform to the rules relating to paper size, this inconvenience alone does not present an unconstitutional denial of access to the courts.

### 3. *Exercise Conditions*

▮▮▮▮▮ Plaintiff requests that he receive one hour of exercise per day in a secure setting, that he be provided with warm clothing to use in the exercise area, that he be provided with individual clothing to use in the exercise area, and that he have separate exercise periods for security reasons.

Conditions of confinement inflict cruel and unusual punishment when they result "in unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d

59 (1981). However, conditions that are "restrictive and even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Id.* Courts have recognized that some opportunity for exercise must be afforded to prisoners.

*Anderson,* 757 F.2d at 34–35 (parallel citations omitted). Courts have not specifically determined what amount of exercise is constitutionally required. *See id.* (collecting cases); *Jolly v. Coughlin,* 894 F.Supp. 734, 747 (S.D.N.Y.1995) (collecting cases). Plaintiff's undisputed allegation is that inmates housed in the special housing unit are issued only "summer weight pants, short sleeve shirts, a sweatshirt and non-insulated, non-waterproof footwear." Declaration of Ronald Davidson, sworn to April 17, 1995, in Support of Motion for Preliminary Injunction ¶ 52. In addition, plaintiff alleges that special housing unit inmates share "community" lightweight jackets. *See id.* ¶ 54. The Court finds that for the prison to refuse to provide adequate clothing for outdoor exercise is tantamount to refusing to provide outdoor exercise, which refusal would be a constitutional violation. In particular, the refusal to provide reasonably warm clothing for outdoor exercise during the cold winters of upstate New York cannot be supported, and in fact defendants have not attempted to defend the practice in their papers opposing plaintiff's motion. Therefore, the Court finds that plaintiff has presented facts demonstrating a likelihood of success on the merits insofar as the light clothing provided is inadequate to permit inmates to exercise. Where a constitutional violation is alleged, that allegation satisfies the requirement that the plaintiff show irreparable harm. *See Mitchell v. Cuomo,* 748 F.2d 804, 806 (2d Cir.1984). Therefore, because plaintiff has demonstrated a likelihood of success on the merits on a constitutional claim for deprivation of exercise, he has also demonstrated that absent a preliminary injunction, he will be irreparably harmed. Accordingly, the Court grants his motion for a preliminary injunction that defendants provide plaintiff with warm clothing to use in the exercise area.

Plaintiff's request that exercise clothing be individually issued to each inmate does not allege a constitutional violation, and his request for a preliminary injunction with respect to this complaint is therefore denied. With regard to plaintiff's security while exercising, he has submitted no evidence to support the necessity of the requested preliminary injunction, and therefore the Court denies his request.

### 4. *Kosher Diet*

Plaintiff complains that when he is placed on a restricted diet, the "nutriloaf" he is given is not kosher, in violation of his First Amendment rights. Again, this complaint is unrelated to plaintiff's lawsuits before the Court, and therefore the Court denies the request. Furthermore, even if plaintiff's request were properly presented to this Court, the Court would deny his motion because he has failed to demonstrate a likelihood of success on the merits of this complaint. The rule is well-established that prison officials must provide a prisoner a diet that is consistent with his religious scruples. *See, e.g., Bass v. Coughlin,* 976 F.2d 98, 99 (2d Cir.1992). However, this rule does not carry with it a requirement that prison officials certify by particular means that the diet provided is consistent with the inmate's religious requirements. In the case at bar, defendants have submitted evidence that the nutriloaf provided to plaintiff is prepared under the supervision of two rabbis who have certified it as kosher. Thus, despite plaintiff's naked assertion that the loaves are not kosher, he has not shown a likelihood of success on the merits of an argument that his restricted diet is unconstitutional. Because plaintiff's request must be denied, the Court need not reach the question of whether plaintiff has shown irreparable harm from the denial of the preliminary injunction.

### CONCLUSION

For the reasons stated above, plaintiff's motion for a preliminary injunction that the defendants provide plaintiff with warm clothing to use in the exercise area is HEREBY GRANTED and in all other respects plaintiff's motion is HEREBY DENIED.

**SO ORDERED.**