**Brian R. COPELAND, Plaintiff,**

v.

**Cheryl ROSEN and the New York City Board of Education, Defendants.**

**No. 96–Civ.6308(PKL).**

United States District Court,
S.D. New York.

Aug. 21, 2000.

Joan Franklin Mosley, New York City, for Plaintiff.

William S.J. Fraenkel, Assistant Corporation Counsel Law Department, City of New York, for Defendants.

### *MEMORANDUM ORDER*

LEISURE, District Judge.

Pursuant to Local Rule 6.3, plaintiff moves by his attorney, Joan Franklin Mosley, Esq., for reconsideration of this Court's June 15, 2000, decision to dismiss plaintiff's action for failure to prosecute and failure to comply with orders of the Court. *See Copeland v. Rosen,* 194 F.R.D. 127 (S.D.N.Y.2000). For the reasons stated below, plaintiff's motion is denied.

■ A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.,* 70 F.3d 255, 257 (2d Cir.1995). Although none of the four arguments Ms. Mosley advances in her memorandum of law satisfies this strict standard, the Court briefly considers each argument in turn.

First, plaintiff's counsel argues that a lesser sanction is warranted in this case because dismissal of the action unjustly penalizes her client for the conduct of his lawyer. The Court considered this issue in reaching its decision, but concluded that dismissal was appropriate under the circumstances. *See Copeland,* 194 F.R.D. at 132–33. Specifically, the Court relied upon the unequivocal holding of the Supreme Court that " '[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.' " *Id.* (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). Because the Court fully considered this issue before rendering its decision, plaintiff's argument for reconsideration is unfounded.

■ Ms. Mosley further argues that the Court "never warned" her that further delays would result in dismissal of the action. Pl. Br. at 7. As the Court stated unambiguously in its Opinion, counsel was warned on three separate occasions–on March 24, 1998, on June 18, 1998, and again on May 26, 2000– that further delays might result in dismissal

for failure to prosecute. *See Copeland,* 194 F.R.D. at 127–30. Faced with these incontrovertible facts, counsel makes the purely semantic argument that, while the Court may have warned her that "sanctions, including dismissal, *could* result from plaintiff's failure to meet deadlines," the Court never told her that "dismissal or other sanctions *were a certainty* upon the occurrence of a specified event." Pl. Br. at 7–8 (emphasis added). Assuming, *arguendo,* that the Court was required to warn Ms. Mosley before dismissing plaintiff's suit, the Court is confident that the three warnings it delivered were more than adequate to notify counsel of the risk of dismissal. Nonetheless, whether such a warning was given is merely one of five nondispositive factors considered by the Second Circuit on appeal of such dismissals. *See, e.g., Shannon v. General Electric Co.,* 186 F.3d 186, 194 (2d Cir.1999). Because the Court quite deliberately warned plaintiff's counsel of the risk of dismissal, and made its decision with clear reference to the law of this Circuit, plaintiff's argument states no basis for reconsideration of the Court's decision under Local Rule 6.3.

■ Plaintiff's third argument is that the Court's dismissal of this action for failure to prosecute and for failure to obey the Court's orders constitutes "an annihilation" of her client's First Amendment right of free association. Pl. Br. at 8–9. Plaintiff's counsel contends that, by dismissing her client's action, the Court interfered with plaintiff's right to associate with his attorney. Not surprisingly, plaintiff can cite no relevant authority for this proposition.[1] Notwith-

1. Instead, plaintiff's counsel cites two landmark civil rights cases that are entirely inapposite to her argument. *See* Pl. Br. at 7–8 (citing *NAACP v. Button,* 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); *Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). In *Button,* the Supreme Court declared unconstitutional, on First Amendment grounds, a state statute that sought to prevent prospective civil rights plaintiffs from consulting with NAACP lawyers. *See Button,* 371 U.S. at 444–45, 83 S.Ct. 328. Similarly, the *Shelley* Court held that judicial enforcement of racially restrictive covenants violated the right of free association. *See Shelley,* 334 U.S. at 1, 68 S.Ct. 836. The Court is troubled by Ms.

Mosley's misplaced comparison of the Court's dismissal of her client's action to the racial discrimination at issue in *Button* and *Shelley.* Assuming counsel does not mean to imply that the Court's dismissal of plaintiff's discrimination suit was racially motivated, Ms. Mosley's effort to place these cases in the same category is specious at best and offensive at worst, insofar as it trivializes the grave constitutional harms suffered by the *Shelley* and *Button* plaintiffs. As a self-proclaimed civil rights attorney, Ms. Mosley should know better as an officer of the Court than to suggest that the routine application of the Federal Rules of Civil Procedure constitutes an

standing the dismissal of plaintiff's case, Ms. Mosley and her client remain free to associate with one another, to remain in a lawyer-client relationship, and to participate in litigation before this Court and elsewhere. The Court's dismissal of this action does not interfere with the Mr. Copeland's right to associate with Ms. Mosley, if he chooses to do so in the future. For these reasons, plaintiff's third argument for reconsideration is wholly without merit.

Finally, Ms. Mosley contends that the Court has violated her client's equal protection rights by applying "a double standard in evaluating the conduct of attorneys" in this action. Pl. Br. at 9. Ms. Mosley contends that the Court has penalized her and her client for "her imperfections," but has excused the shortcomings of defendants' counsel. *Id.* To support her contention, Ms. Mosley suggests that the Court has been more permissive in granting extensions to her adversary than to her. The record belies this claim, clearly indicating that both plaintiff and defendants have frequently requested and received extensions in this action. The Court is confident that the parties have been treated in an even-handed fashion in this regard; if anything, plaintiff's counsel has enjoyed greater solicitude and indulgence from the Court than her adversaries. Plaintiff's suggestion that defendants' requests for extension of time were routinely granted and hers were routinely denied is a gross misrepresentation of the background of this case. And, to the extent that defendants may have enjoyed greater success on their applications to the Court, plaintiff's counsel should consider the vast difference between the professionalism and courtesy practiced by her adversaries, and her own conduct before this Court. When seeking an extension of time, defendants properly petitioned the Court in advance of the original deadline, and respectfully complied with the Court's decision. Ms. Mosley, by contrast, often waited until the eve of the deadline–or until the deadline had passed–to inform the Court that she "needed" more time. If the Court denied such a request or granted her less time than she might have liked, Ms. Mosley simply ignored

"annihilation" of her client's constitutional

the deadline and made the submission at her own convenience. While the Court takes very seriously its obligation to treat all litigants with equanimity, it is axiomatic that different *conduct* is indeed treated differently. To the extent that plaintiff enjoyed less success before this Court than his adversaries, it is for no reason other than the misconduct of his attorney. Accordingly, plaintiff's "equal protection" argument is meritless and does not support his motion for reconsideration.

For the reasons stated herein, plaintiff's motion for reconsideration is hereby denied. Pursuant to Fed.R.Civ.P. 11(b), defendants are invited to seek recovery of reasonable attorneys' fees and costs incurred in the opposition of this frivolous motion.

**SO ORDERED.**

rights. *See* Fed.R.Civ.P. 16(f) & 41(b).