Ronald DAVIDSON, Plaintiff,

v.

Charles SCULLY, et al., Defendant.

Ronald Davidson, Plaintiff,

v.

Thomas Coughlin, III,
et al., Defendant.

Nos. 81 CIV 0390 PKL,
83 CIV 2405 PKL.

United States District Court,
S.D. New York.

Nov. 5, 2001.

Ronald Davidson, Elmira, NY, pro se.

Michael B. Siller, Assistant Attorney General, State of New York, New York City, for the Defendants.

### MEMORANDUM ORDER

LEISURE, District Judge.

Pursuant to Local Rule 6.3 and Fed. R.Civ.P. 59(e), plaintiff, appearing *pro se*,[1] moves for reconsideration of this Court's judgment granting defendants' motion for summary judgment and dismissing these actions with prejudice, for the reasons set forth in this Court's Opinion and Order, dated August 22, 2001. *See Davidson v. Scully*, 155 F.Supp.2d 77, 90 (S.D.N.Y. 2001). For the reasons stated below, plaintiff's motion is hereby denied.

---

1. In light of the August 22, 2001 Opinion and Order, dismissing the consolidated action with prejudice, plaintiff's previous counsel, Kevin J. Curnin serving in a *pro bono* capaci-

## I. BACKGROUND

### A. *Procedural Background*

Plaintiff's actions allege a continuous and ongoing failure by defendants to provide him with adequate medical care for four distinct medical conditions. Plaintiff alleges that defendants have: 1) failed to treat his foot problems by failing to provide him with access to a podiatrist and orthopedic footwear; 2) refused to treat his allergies by denying him allergy shots, denying him access to an allergist, ceasing to provide his allergy medication, and denying him housing in a smoke-free environment; 3) failed to treat his tinnitus by denying him ear plugs, specific medications, a masking device, participation in a sleep study, and housing in quieter sections of the correctional facilities; and 4) denied him treatment of his vision problems by denying him, at various times, contact lenses, the use of eye lubricants, access to monitoring of his contact lens use, and correctly ground lenses for his eyeglasses.

Plaintiff originally brought these actions *pro se*, pursuant to 42 U.S.C. § 1983, in the early 1980s, alleging violations of his Eighth Amendment right to adequate medical treatment during his incarceration at Green Haven. Plaintiff amended his 81 Civ. 0390 complaint in 1990 to add Thomas Coughlin, the DOCS Commissioner at the time, as a defendant. After retaining *pro bono* counsel in 1996, plaintiff filed a Supplemental Amended Complaint to update his claims to include events that took place after his transfer to Auburn Correctional Facility. In *Davidson v. Scully*, 914 F.Supp. 1011, 1015 (S.D.N.Y.1996), the Court denied plaintiff's motion for a preliminary injunction regarding the claims

ty, terminated representation of plaintiff in any further proceedings. *See* Plaintiff's Memorandum in Support of Motion for Reconsideration [hereinafter, "Pl's Mem"] at 1.

underlying these actions, holding that plaintiff could not demonstrate a likelihood of success on the merits regarding the seriousness of his medical concerns. In May 2001, the Court granted in part plaintiff's motion for leave to submit additional evidence in further opposition to defendants' motion for summary judgment, *see Davidson v. Scully*, 148 F.Supp.2d 249 (S.D.N.Y.2001) [hereinafter, *"Davidson II"*], and plaintiff submitted evidence regarding his medical treatment since his incarceration at Elmira Correctional Facility. On August 2, 2001, the Court denied plaintiff's request for permission to submit more supplemental evidence. On August 22, 2001 the Court granted defendants' motion for summary judgment and dismissed plaintiff's claims with prejudice. *See Davidson v. Scully*, 155 F.Supp.2d 77, 90 (S.D.N.Y.2001) [hereinafter, *"Davidson III"*]. Pursuant to Local Rule 6.3 and Fed. R.Civ.P. 59(e), plaintiff now moves for reconsideration. Plaintiff's motion is denied in its entirety.

## B. *The Summary Judgment Decision*

■ In this Court's August 22, 2001 Opinion & Order, the Court meticulously parsed through a lengthy and thorough record to determine the summary judgment motion pursuant to the standards of Fed.R.Civ.P. 56(c). *See Davidson III*, 155 F.Supp.2d at 81–82. The Court based its legal analysis upon the standard for proving an Eighth Amendment claim for inadequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see also Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998) (prisoner sufficiently alleged existence of serious medical condition and deliberate indifference by doctors). To prevail on an Eighth Amendment claim for inadequate medical care, a prisoner must prove "deliberate indifference to serious medical needs." *Chance*, 143 F.3d at 702. To satisfy this standard the prisoner must satisfy both a subjective and an objective prong. *See id.* The Court ruled that plaintiff's tinnitus, allergy, and optical problems were not sufficiently serious as a matter of law to merit constitutional scrutiny, and even if these maladies were sufficiently serious, defendants were not deliberately indifferent to those conditions. *See Davidson III*, 155 F.Supp.2d at 84, 86, 88. The Court assumed for purposes of the motion that plaintiff's podiatric condition could constitute a "serious medical need," but found even if plaintiff's podiatric condition is a serious medical need, "a reasonable jury could not find that defendants were deliberately indifferent to that need." *Davidson III*, 155 F.Supp.2d at 83. Therefore, the Court granted defendants' summary judgment motion and dismissed plaintiff's claims with prejudice. *See id.* at 90.

## II. *Reconsideration*

### A. *Standard*

■ A motion for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *See Copeland v. Rosen*, 196 F.R.D. 20, 21 (S.D.N.Y.2000) (Leisure, J.) (internal quotes omitted). A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). A party seeking reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690, 2000 WL

98057, at *1 (S.D.N.Y. Jan 18, 2000) (Mukasey, J.). Thus, a motion for reconsideration "is not a substitute for appeal and 'may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.'" *Morales v. Quintiles Transnational Corp.*, 25 F.Supp.2d 369, 372 (S.D.N.Y.1998) (citations omitted).

■ In determining whether a motion for reconsideration should be granted, Local Civil Rule 6.3 "should be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar.22, 2001). Whether to grant or deny a motion for reconsideration or reargument is in the "sound discretion of a district court judge and will not be overturned on appeal absent an abuse of discretion." *Bennett v. Watson Wyatt & Co.*, 156 F.Supp.2d 270, 271–72 (S.D.N.Y. 2001) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983)).

B. *Discussion*

■ It should be noted at the outset that in moving for reconsideration pursuant to Local Rule 6.3 and Fed.R.Civ.P. 59(e), plaintiff has failed to comply with the strict filing rules of Fed.R.Civ.P. 6(a) and Local Civil Rule 6.1. Plaintiff's motion, though dated and filed with the clerk on September 6, 2001 (within 10 days from the August 24, 2001 entry of judgment), was not post-marked to defendants until September 12, 2001. *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration of Summary Judgment [hereinafter "Defs" Mem.] at 1. "To be timely under Civil Rule 59(e), a motion must be filed within 10 days after entry of the judgment, computed in accordance with Fed.R.Civ.P. 6(a), with intermediate Saturdays, Sundays, and legal holidays excluded. This time limitation is uncompromisable, for Civil Rule 6(b) provides, in pertinent part, that the district court 'may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e).'" *Lichtenberg v. Besicorp Group*, 204 F.3d 397, 401 (2d Cir.2000).

■ Thus the Court need not consider plaintiff's motion in its entirety as it is technically procedurally barred for failure to timely serve the defendants. However, because plaintiff is now representing himself *pro se* the Court will be more liberal in its discretion regarding procedural errors. A *pro se* party's supporting papers are to be construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *see Soto v. Walker*, 44 F.3d 169, 173 (2d Cir.1995).

■ Nonetheless, it is ultimately important for plaintiff to understand the importance of following specific rules set out in the Federal Rules of Civil Procedure. "Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.1995) (internal quotes omitted). Moreover, as the Supreme Court instructs, "[w]hile we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstances of incarceration, we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

However, because of plaintiff's *pro se* status and the fact that plaintiff did file the notice of motion with the clerk on August 6, 2001, a date within the 10–day time period, the Court will proceed to consider this motion for reconsideration pursuant to Local Rule 6.3 and Fed.R.Civ.P. 59(e).[2]

█ Plaintiff argues that the Court should reconsider its decision to grant defendants' motion for summary judgment for several reasons. First, plaintiff asserts that the Court "err[ed]" in determining that DOCS medical personnel, including Nurse Fowler, have provided him with "extensive treatment" because Nurse Fowler is not a doctor and prescribed over the counter arch supports which cannot equate with professionally made orthotics. *See* Pl's Mem. at 1–2. Second, plaintiff argues it is deliberate indifference to a serious medical need to deny him replacement orthopedic footwear for 3 years from 1982–1985 then for 7 years from 1985–1992. *See* Pl's Mem. at 2. Third, plaintiff asserts that the "Sequoia" brand of footwear was not the wrong brand, but rather the boots were simply off-the-shelf commercial shoes that in no way helped to treat his podiatric problems. *See* Pl's Mem. at 3. Fourth, plaintiff argues the treatment for tinnitus was either not what was ordered by specialists or was summarily discontinued even though it had provided partial relief from tinnitus. Plaintiff also asserts that the Court "misconstrue[d]" the purpose of a "tinnitus masker" which, plaintiff argues, "did nothing to block out the extremely loud and damaging noises of the cell blocks." Pl's Mem. at 4. Fifth, plaintiff argues that defendants refuse to house plaintiff in the prison infirmary the only place where, he claims, the non-smoking rule and policy is actually enforced. *See id.* Sixth, it was error for the Court to rely on the DOCS no-smoking policy because plaintiff claims it is being "totally ignored" and the Court should have allowed a hearing on that issue. *See* Pl's Mem. at 5. Seventh, plaintiff argues that a jury should be allowed to determine the optical issues and not the Court. *See id.* Finally, plaintiff asserts that his allegations that treatment was denied by defendants and the DOCS as reprisals should be an issue for the jury to determine. *See* Pl's Mem. at 6.

█ The Court concludes that plaintiff's motion largely restates the arguments that plaintiff made to the Court in previous submissions. Rather than pointing to factual matters or legal decisions the Court overlooked, plaintiff argues the Court improperly weighed and construed the facts. Moreover, plaintiff attempts to offer additional evidence not previously submitted to the Court in order to bolster his previous arguments. This additional evidence purports to prove that the no-smoking policy is a "farce and mockery." Plaintiff's Affirmation in Response to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration (hereinafter "Pl's Mem. Resp.") at ¶ 14. Plaintiff submitted therein further evidence in the form of tobacco item invoices from the prison attempting to prove that if the no-smoking policy was actually being enforced purchases should thereby be reduced. *See* Pl's Mem. Resp. at ¶ 15–23, Exhibit A. It is well established that the submission of new evidence is precluded on a motion for reconsideration. "Because the motion [for reconsideration] does not afford the losing party the right to submit new evidence to bolster relief, par-

---

**2.** Both plaintiff and defendants' counsel have engaged in some finger pointing regarding timely service of the papers in this motion. Because of the tragic events of September 11, 2001 and the resulting lags in postal service, the Court, in its discretion, will ignore these accusations and will consider all of the papers timely served.

ties are not to submit affidavits in support of a [Local] Rule 6.3 motion for reconsideration 'unless directed by the court.'" *First Fin. Ins. Co. v. Allstate Interior Demolition Corp.*, No. 96 Civ. 8243, 1998 WL 567900, at *3 (S.D.N.Y. Sept.3, 1998). Furthermore, the Court agrees with defendants' argument that this submission demonstrates a contemptuous attitude on the part of the plaintiff for this Court's August 2, 2001 Order refusing to consider additional evidence in opposition to defendants' then-pending motion to dismiss. *See* Defendants' Memorandum of Law in Further Opposition to Plaintiff's Motion for Reconsideration of Summary Judgment (hereinafter "Defs' Mem. Furth. Opp.") at 1.[3] "A motion for reconsideration may be granted if there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (citations omitted). A motion for reconsideration should not be used "to put forward additional arguments which the movant could have made, but neglected to make before judgment." *Goldstein v. State of New York*, No. 00 Civ. 7463, 2001 WL 893867, at *1 (S.D.N.Y. Aug.7, 2001). Plaintiff admits his F.O.I.L. request for these invoices was not made until August 30, 2001, a date long after the submission of papers in the previous summary judgment motion and therefore this evidence need not be considered by the Court.

■ Although plaintiff might see this motion as a way to vent his frustration and point out where he believes the Court erred in its reasoning, that is not the purpose of a Rule 59(e) motion for reconsideration. The motion for reconsideration is not a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998). In short, plaintiff's arguments amount to nothing more than a "disagreement between an understandably disappointed litigant and the court." *Aquilio v. Police Benevolent Assoc. of the New York State Troopers*, No. 91 Civ. 325, 1994 WL 494639, at *4 (N.D.N.Y. August 15, 1994).

### III. CONCLUSION

Plaintiff's request for reconsideration of the summary judgment decision granting defendants' motion for summary judgment and dismissing those claims with prejudice is hereby DENIED. Plaintiff must pursue any rights he may have in the Court of Appeals.

**SO ORDERED.**

---

**3.** In a letter dated October 19, 2001, received by this Court on October 29, 2001, plaintiff urges the Court to strike Defs' Mem. Furth. Opp., characterizing the defendants' submission as a sur-reply erroneously submitted to the court without first seeking the Court's permission. The Court finds Defs' Mem. Furth. Opp. helpful and indeed necessary for defendants to respond to the new evidence submitted in Pl's Mem. Resp. In the Court's discretion, therefore, Defs' Mem. Furth. Opp. shall not be stricken and plaintiff's request is denied.