Douglas FAULKNER, et al., Plaintiffs,

v.

## NATIONAL GEOGRAPHIC SOCIETY, et al., Defendants.

David Hiser, et al., Plaintiffs,

v.

National Geographic Society, et al., Defendants.

No. 97 Civ.09361 LAK.

United States District Court, S.D. New York.

Sept. 4, 2002.

238

## ORDER

KAPLAN, District Judge.

Plaintiffs move for reconsideration of the Court's opinion, which granted in part and denied in part defendants' motion for summary judgment. *Faulkner v. National Geographic Society,* 211 F.Supp.2d 450 (S.D.N.Y. 2002). They argue that the Court overlooked certain matters and controlling decisions in dismissing (1) "all" of plaintiff's state law claims on preemption grounds, (2) the claims against Eastman Kodak Co. for direct and contributory copyright infringement, and (3) David Allen's claims as successor in interest to the images and texts of his father, Arthur Allen, that were published before January 1, 1964. Except insofar as the motion correctly identifies a typographical error that inadvertently resulted in the dismissal of a claim against which no attack had been made, the motion is entirely without merit and, at least in some respects, may be sanctionable.

1. The last sentence of the decision dismissed "all" of plaintiffs' state law claims on preemption grounds. The Court

intended so to dismiss only plaintiffs' unjust enrichment, common law unfair competition, and tortious misappropriation of goodwill claims, leaving their contract claim, which had not been challenged, intact.

2. Plaintiffs' arguments regarding the knowledge prong of the contributory infringement standard already have been considered and rejected. They were not overlooked. The fact that plaintiffs disagree with the Court's ruling does not justify a motion for reconsideration, which must be limited to matters that were before the Court and overlooked. *See Peyser v. Searle Blatt & Co.,* No. 99 Civ. 10785(WK), 2001 WL 1602129, at *2 (S.D.N.Y. Dec.14, 2001) (motion for reconsideration may not be used as a vehicle for relitigating issues already decided by the court). In any case, nothing plaintiffs have said suggests that the prior ruling on this point was incorrect.

■ 3. Plaintiffs argue that the Court improperly concluded that there was no genuine issue of fact regarding Kodak's liability as a direct infringer. They now offer, for the first time, deposition testimony of William Gray tending to show that Kodak distributed its complimentary copies of CD–ROM 108 and CD–ROM 109 to its employees and certain schools. Gray Dep., at 28–29 (attached to notice of motion for reconsideration). It is too late, however, for plaintiffs now to offer new evidence in opposition to defendants' motion for summary judgment. *See, e.g., Capital Dist. Physician's Health Plan v. O'Higgins,* 951 F.Supp. 352, 358–59 (N.D.N.Y.1997). Plaintiffs' Rule 56.1 statement did not dispute, and thus admitted, defendants' assertions that Kodak received no revenue for the sale of the complimentary units and did not "participate in the[ ] marketing or distribution" of the Complete National Geographic. *See* Pl

56.1 St. ¶¶ 22, 23. The portion of Mr. Gray's deposition upon which they now rely was not included in their papers in opposition to summary judgment. Nor did they argue in their memorandum of law that Kodak's alleged distribution of the complimentary units constituted direct infringement.[1]

This attempt to overturn an adverse ruling by a motion for reconsideration based on materials that counsel did not see fit to place before the Court in litigating the matter in the first place is improper. *See, e.g., Davidson v. Scully,* 172 F.Supp.2d 458, 463–64 (S.D.N.Y.2001). Plaintiffs were obliged to put their best foot forward in resisting the motion. Certainly they have no right to subject the defendants and the Court to the added burden of considering the motion anew simply because they failed to do so. Even more disturbing, this is not the first time that plaintiffs' counsel in this case has done this. In *Bridgeman Art Library, Ltd. v. Corel Corp.,* 36 F.Supp.2d 191 (S.D.N.Y. 1999), the very same attorney did substantially the same thing, seeking reargument on the ground that the Court, in deciding a motion, had overlooked supposedly controlling legal authority—an 1869 English *nisi prius* case that counsel had never even cited prior to the Court's decision and that was of dubious vitality even in the United Kingdom, let alone the United States. Plaintiffs' counsel is cautioned that any repetition of this or related conduct in this or any other case is likely to lead to consideration of sanctions.

■ 4. Plaintiffs' argument that both National Geographic and David Allen had the right to renew the copyrights in the pre–1964 Allen works falters on the distinction between a collective work and an individual contribution to that collective work. Section 24 of the Copyright Act of 1909, 17 U.S.C. § 24 (repealed), gave the proprietor of a collective work the right to renew its copyrights in the collective work itself (*i.e.,* the collection, arrangement, and display of the constituent parts) and any individual contributions that it initially held copyright ownership in, but it did not create a renewal right for contributions in which the proprietor had no copyright ownership interest in the initial term.

*Self–Realization Fellowship Church v. Ananda Church of Self–Realization,* 206 F.3d 1322 (9th Cir.2000), *cert. denied,* 531 U.S. 1126, 121 S.Ct. 881, 148 L.Ed.2d 790 (2001), the authority relied upon by plaintiffs, demonstrates this point well. There, the plaintiff, Self Realization Fellowship Church ("SRF"), published a magazine that contained articles by a religious figure, Swami Paramahansa Yogananda. *See id.* at 1324–25. SRF published the magazine with a blanket copyright on each issue of the magazine, *id.* at 1329, and renewed its copyright in the issues of the magazine at the appropriate time, *see id.* at 1326. The defendant challenged, *inter alia,* SRF's copyright renewal interest in Yogananda's articles. The Ninth Circuit held that there was a genuine issue of fact regarding SRF's right to renew that precluded summary judgment because there was evidence tending to show that Yogananda had transferred his common law copyrights in the individual articles to

---

1. Plaintiffs' contention that their opposing papers raised an issue of fact because each of them submitted an affidavit or declaration swearing that the defendants had infringed their copyrights (Pl.Mem.Recon.16) is specious. One may not defeat a motion for summary judgment by relying on conclusory allegations. Affidavits must set forth "concrete particulars" in order to satisfy Rule 56(e). *Fujitsu Ltd. v. Fed. Express Corp.,* 247 F.3d 423, 428 (2d Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 206, 151 L.Ed.2d 146 (2001); *Bickerstaff v. Vassar College,* 196 F.3d 435, 451–52 (2d Cir.1999), *cert. denied,* 530 U.S. 1242, 120 S.Ct. 2688, 147 L.Ed.2d 960 (2000).

SRF prior to their publication. *See id.* at 1329–30. The court's rationale is devastating to plaintiff's argument. First, it pointed out that SRF, in order to prevail, had to show that it validly held the initial copyright in the individual articles and that it was entitled to renew. *See id.* at 1328. Second, with respect to the publisher's initial copyright interest, the panel noted that, under Section 3 of the 1909 Act, 17 U.S.C. § 3 (repealed), "the weight of the case law has concluded that ... a blanket copyright gives the magazine publisher rights in an individual contribution only if the publisher owns the common law copyright as the author of the contribution [*i.e.*, a work-for-hire situation], or as the author's assignee." *Id.* at 1325–26; *see also Ilyin v. Avon Publ'n, Inc.*, 144 F.Supp. 368, 372 (S.D.N.Y.1956); *Kaplan v. Fox Film Corp.*, 19 F.Supp. 780, 781 (S.D.N.Y. 1937). Finally, the panel did not hold, as plaintiffs contend, that proprietors of collective works as a general rule may renew the copyrights in the individual contributions contained therein, but rather that one particular proprietor, SRF, "was entitled to renew any initial copyrights in periodical articles *that it validly obtained through an informal assignment of Yoganda's common law copyrights." Ananda,* 206 F.3d at 1329 (emphasis added). Under the court's reading of Section 3 of the 1909 Act, a proprietor also would be entitled to renew copyrights in individual contributions made for hire. In contrast, renewal rights would seem to be precluded when, as plaintiffs claim is the case here, the proprietor of the collective work never had any ownership interest in the individual contributions in the first place.

■ Furthermore, plaintiffs' interpretation of Section 24 does not square with the language of the statute. They contend that *both* the proprietor of a collective work and the author of an individual contribution simultaneously have the right to renew the copyright in any one particular

article. The second provision of Section 24 gave the proprietor of a collective work the right to renew the initial rights it had obtained in such work. The third provision then stated that, "in the case of *any other copyrighted work,* including a contribution by an individual author to a ... composite work, the author of such work" shall have the right to renew. 17 U.S.C. § 24 (repealed) (emphasis added). By its very terms, therefore, Section 24 gave the right to renew as to a particular contribution either to the proprietor (assuming it had obtained an initial interest in the contribution as explained in *Self–Realization Church* ) or the author, but not both.

This leaves plaintiffs' argument that the Court should deem National Geographic to be holding the renewal copyrights in trust for them. In this Court's view, *Goodis v. United Artists Television, Inc.,* 425 F.2d 397 (2d Cir.1970), did away with the need to rely on legal fictions such as holding copyrights in "trust" and splitting legal and beneficial ownership in order to avoid harsh forfeitures. *See Goodis,* at 425 F.2d at 400 (noting that previous courts had been "understandably reluctant to invoke the doctrine of invisibility ... to deprive the plaintiff of the fruits of his creative effort," and citing as an example a case in which the publisher was deemed to hold legal title to the copyright for the author as "beneficial owner"). As the Court explained in its prior opinion, the underlying rationale of *Goodis* is not implicated in the renewal context, and plaintiff's trust theory therefore is unpersuasive.

### Conclusion

Plaintiffs' motion for reconsideration is granted to the extent that the last sentence of the Court's July 17 Opinion is modified to read as follows:

"It is granted with respect to David Allen's copyright infringement claims re-

garding the Arthur Allen stories published before 1964, David Hiser's copyright infringement claims regarding the Lost Sierra, West's Wild Foods, and Stalking Wild Foods on a Desert Isle assignments, and plaintiffs' unjust enrichment, common law unfair competition, and tortious misappropriation of goodwill claims."

It is denied in all other respects.

SO ORDERED.