**Ennis HIGHTOWER, Plaintiff,**

v.

**NASSAU COUNTY SHERIFF'S DEPARTMENT, C.O. John Kennedy, C.O. Ronald Hartung, C.O. Matthew Anderson, C.O. John Lagormarsino, Cpl. Gary McGuinness, Defendants.**

**No. 99 CV 2523 ADS.**

United States District Court, E.D. New York.

Nov. 1, 2004.

Law Office of Anthony Ofodile by Anthony Ofodile, Esq., of Counsel, Brooklyn, NY, for the Plaintiff.

Friedman, Harfenist, Langer & Kraut by Steven J. Harfenist, Esq., of Counsel, Lake Success, NY, for the Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The defendants, Nassau County Sheriff's Department and five correction officers (collectively, the "Defendants"), move for reconsideration and reargument of this Court's July 19, 2004 Memorandum of Decision and Order ("Order") that reduced the Jury's verdict to a total of $165,000 and determined the attorneys' fees of the plaintiff, Ennis Hightower ("Hightower" or the "Plaintiff"). On July 23, 2004, the Plaintiff filed an acceptance of the remittitur. Pursuant to Local Rule 6.3, the Defendants seek reconsideration of the portion of the Order that determined the attorneys' fees, claiming that the Court overlooked the attorney's fee limitations contained in the Prison Litigation Reform Act (PLRA). The Court assumes that the parties are familiar with the background of this case, as set forth in the Court's July 19, 2004 Order.

## I. DISCUSSION

It is within the sound discretion of a district court judge to grant or deny a motion for reconsideration. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992); *Davidson v. Scully,* 172 F.Supp.2d 458, 462 (S.D.N.Y.2001). Under Local Rule 6.3, a party may move for reconsideration and reargument by presenting "controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 256–57 (2d Cir.1995); *see also Range Road Music, Inc. v. Music Sales Corp.,* 90 F.Supp.2d

390, 392 (S.D.N.Y.2000). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *U.S. v. Tenzer,* 213 F.3d 34, 39 (2d Cir.2000) (quoting *Doe v. New York City Dept. of Soc. Servs.,* 709 F.2d 782, 789 (2d Cir.1983)); *accord Virgin Atlantic,* 956 F.2d at 1255.

In this case, the Defendants contend that the Court overlooked certain pertinent provisions of the PLRA when it determined the award of the Plaintiff's attorneys' fees, and that this omission was a "clear error of law." The PLRA governs the course of litigation when the plaintiff is incarcerated in a jail, prison, or correctional facility. 42 U.S.C. § 1997e(a) (2004). The Act prescribes procedural rules, contains jurisdictional provisions, and imposes limits on a plaintiff's recovery and attorney's fees in cases brought by prisoners. *See* 42 U.S.C. § 1997e(a)-(g); *see, e.g., Porter v. Nussle,* 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (describing the mandatory nature of the PLRA's administrative exhaustion provision). In regard to attorney's fees, there are several provisions in the PLRA that limit the attorney's fee that may be awarded under the terms of 42 U.S.C. § 1988. The Court will now review these terms.

First, the PLRA authorizes fees to be awarded only "to the extent that the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights...." *Id.* § 1997e(d)(1). Second, fees are capped at an hourly rate of no more than 150% of the hourly rate established under 18 U.S.C. § 3006A. *Id.* § 1997e(d)(3). Finally, the statute directs that a portion of the plaintiff's judgment, not to exceed 25%, "be applied to satisfy the amount of attorney's fees awarded against the defendant." *Id.* § 1997e(d)(2).

■ The Plaintiff argues that the Court should not reconsider the determination of attorneys' fees because neither party raised the issue of the PLRA on the initial motion. However, a court has discretion to reconsider an issue not initially raised in order to "correct a clear error or prevent manifest injustice." *See Tenzer*, 213 F.3d at 39. Here, with reasonable certainty, the failure to apply the attorney's fee provisions of the PLRA would be considered an abuse of discretion. *See Johnson v. Breeden*, 280 F.3d 1308, 1327 (11th Cir. 2002) (holding that a district court abused its discretion when it awarded attorney's fees and expenses without applying the PLRA).

In addition, the Plaintiff argues that the PLRA should not be considered because the Plaintiff succeeded in a New York State common law battery cause of action as well as the civil rights cause of action. Plaintiff's argument is misplaced. Pursuant to 42 U.S.C. § 1988, the Plaintiff was entitled to attorneys' fees for prevailing only on the federal section 1983 claim. There would be no attorneys' fee on the New York State cause of action. Thus, the Court finds that it was clear error to overlook the terms of the PLRA in determining the award of attorneys fees. Accordingly, the Court will reconsider only that portion of the Order.

■ Under the PLRA, the court determines whether fees were directly and reasonably incurred in proving a violation of the Plaintiff's rights and then applies a rate not greater than 150% of the current rate paid to C.J.A. attorneys. 42 U.S.C. § 1997e(d)(1). The Court's Order did address the issue of whether the hours were reasonably incurred and related to the successful litigation. (*See* Order at 20). Thus, the Court needs only to recalculate the maximum rate that may be awarded to the Plaintiff's attorneys. In the Eastern District of New York, C.J.A. attorneys are paid a rate of $90 a hour, which, when multiplied by 150%, computes to an hourly rate of $135.

In addition, the PLRA requires that a portion of a plaintiff's judgment, "not to exceed 25 percent, shall be applied to satisfy the amount of attorney's fees awarded against the defendant." 42 U.S.C. § 1997e(d)(2); *see Jackson v. Austin*, 267 F.Supp.2d 1059, 1071 (D.Kan.2003). Consequently, the Court directs that 25 percent of the attorneys' fees awarded be paid from the proceeds of the Plaintiff's $165,000 judgment.

## II. CONCLUSION

The Court now recalculates the fees to be awarded to all three of the Plaintiffs' counsel and also calculates the 25% portion that the Plaintiff is required to pay:

| | | |
|---|---|---|
| Anthony Ofodile—393.60 hours @ $135 per hour | = | $53,136.00 |
| Travel 78 hours @ $67.50 per hour | = | 5,265.00 |
| Total | | $58,401.00 |
| Less 20% reduction | | 11,680.20 |
| Net Fee | | $46,720.80 |
| | | |
| Chidi Eze—138.04 hours @ $125 per hour | = | $17,255.00 |
| Travel 49 hours @ $62.50 per hour | = | 3,062.50 |
| | | $20,317.50 |
| Less 20% reduction | | 4,063.50 |
| Net Fee | | $16,254.00 |
| | | |
| William S. Robedee—14.25 hours @ $135 per hour | = | $ 1,923.75 |
| Less 20% reduction | | 384.75 |

| | |
|---|---:|
| Net Fee | $ 1,539.00 |
| Total Attorneys' Fees | $64,513.80 |
| Plaintiff's 25% Portion | $16,124.95 |

With regard to the Plaintiff's prior acceptance of the remittitur of damages, because the Court finds that 25% of the Plaintiff's judgment shall be applied to satisfy a portion of the amount of attorneys' fees awarded against the Defendants, the Plaintiff's previous acceptance of the remittitur is vacated. The Plaintiff is requested to again decide whether to accept this revised remittitur. The Plaintiff is entitled to a new trial on the issue of damages, unless he agrees to the reduction of damages to a total of $165,000 less the sum of $16,124.95 that will be applied to the award of attorneys' fees.

Based on the foregoing it is hereby

**ORDERED,** that the section of the Court's July 19, 2004 Memorandum of Decision and Order that determined the Plaintiff's attorneys fees is **VACATED;** and it is further

**ORDERED,** that the Clerk is directed to enter an amended judgment in favor of the plaintiff Ennis Hightower against the defendants Correction Officer Matthew Anderson, Correction Officer John Lagormarsino and Cpl. Gary McGuinness for compensatory damages in the sum of $100,000, and for punitive damages against the defendant Matthew Anderson in the sum of $15,000, for punitive damages against the defendant John Lagormarsino in the sum of $15,000, for punitive damages against the defendant Gary McGuinness in the sum of $35,000, for a total sum $165,000, together with the balance of attorneys fees of $48,388.85 and total costs in the sum of $2,934.31; and it is further

**ORDERED,** that $16,124.95 of the Plaintiff's recovery in the amount of $165,000, be applied to satisfy that portion of the amount of attorneys' fees awarded against the Defendants; and it is further

**ORDERED,** that the Defendants pay the balance of the Plaintiff's attorneys' fees in the amount of $48,388.85, as calculated above.

**ORDERED,** that the Plaintiff may file with the Clerk of the Court on or before November 22, 2004, an acceptance of the remittitur of $165,000 less the sum of $16,124.95, representing his share of the attorneys' fees, leaving a net amount of $148,875.05 for the Plaintiff. In the event that the Plaintiff does not file an acceptance of the remittitur on or before November 22, 2004, a new trial solely on the issue of compensatory damages will commence on a date to be set by the Court.

**SO ORDERED.**