National Union Fire Insurance v. Las Vegas Professional Football

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand ten,

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                      *Circuit Judges*.

---

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA,

                              *Petitioner-Appellee*,


          -v-                                          10-414-cv

LAS VEGAS PROFESSIONAL FOOTBALL LIMITED
PARTNERSHIP D/B/A LAS VEGAS GLADIATORS,

                              *Respondent-Appellant*.

---

Appearing for Appellee:     Michael S. Davis (Anthony I. Giacobbe, Jr., *on the brief*), Zeichner
                            Ellman & Krause LLP, New York, N.Y.

Appearing for Appellant:    James L. Ferraro, The Ferraro Law Firm, Miami, Florida.


1

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Las Vegas Professional Football Limited Partnership, d/b/a Las Vegas Gladiators (the "Gladiators") appeal from the January 15, 2010 memorandum and order of the United States District Court for the Southern District of New York (Castel, *J.*) denying the Gladiators' motion for reconsideration of the district court's prior decision, dated November 17, 2009, which granted the motion to compel arbitration brought by American International Group Inc. ("AIG"), the parent company of the National Union Fire Insurance Company of Pittsburgh, PA. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Gladiators, a professional football team in the Arena Football League, purchased workers' compensation insurance from the plaintiff. The agreement between the parties includes (a) the Payment Agreement; (b) an Addendum to the Payment Agreement; (c) a large risk rating plan endorsement; and (d) a workers' compensation policy.

All of the documents that make up the agreement between the parties were effective from December 15, 2006 to December 15, 2007. However, the original agreement between the parties included only the workers' compensation policy, which did not contain an arbitration provision. The Gladiators allege that three weeks after the start of the 2006 arena football season, AIG required the Gladiators to provide $600,000 in collateral and sign the Payment Agreement, which contained the arbitration clauses at issue here. The Gladiators allege they had no choice but to sign, as they could not field a team without the requisite insurance coverage, thus risking the entire arena football season. The Gladiators signed the Payment Agreement on February 8, 2007, with the effective date going back to December 15, 2006.

The Payment Agreement provides in relevant part that if the Gladiators dispute any amount owed National, they must inform AIG/National of the dispute in writing, and National will respond. Disputed "items not resolved within 60 days after our [National's] response to Your [the Gladiators'] written particulars must immediately be submitted to arbitration as set forth below." A second subsection relates to "disputes other than disputes about payment due," and states: "Any other unresolved dispute arising out of this Agreement must be submitted to arbitration. You must notify us in writing as soon as You have submitted a dispute to arbitration. We must notify You in writing as soon as we have submitted a dispute to arbitration." Under the section addressing arbitration procedures, the Payment Agreement provides that the arbitrators "will have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability."

The Addendum to the Payment Agreement contains a forum selection clause that

provides: "any action or proceeding concerning arbitrability, including motions to compel or to stay arbitration, may be brought only in court [] of competent jurisdiction in the City, County, and State of New York."

On January 29, 2009, the Gladiators, upset over a billing dispute, filed a complaint seeking injunctive relief and a declaratory judgment in the United States District Court for the Southern District of Florida, seeking to clarify the parties' rights and obligations under a workers' compensation and employers' liability insurance policy.

On August 26, 2009, National served the Gladiators with a demand for arbitration. The next day, National filed a petition to compel arbitration in the United States District Court for the Southern District of New York. On August 27, 2009, the district court issued an order to show cause as to why the petition to compel not be granted, and as to why the action should not be transferred to the district court in Florida. On August 28, 2009, AIG filed a motion to dismiss the Florida complaint on the grounds that the agreement between the parties called for arbitration.

On November 17, 2009, the district court ordered the parties to proceed to arbitration based on the arbitration clause contained in the Payment Agreement. On December 2, 2009, the Gladiators filed a motion for reconsideration, which the district court denied on the grounds that the Gladiators raised only arguments in their motion for reconsideration that could have, and should have, been raised earlier.

The problem for the Gladiators is a simple one: they did not raise their challenge to the enforceability of the arbitration clauses in their original opposition to the motion to compel. In their original motion, the Gladiators argued that the claims asserted in its Florida complaint arose only under the Policy, and thus were not subject to the arbitration clause contained in the Payment Agreement. The district court properly found all the claims were covered by the arbitration clauses and on appeal the Gladiators do not contest that ruling.

Instead, on appeal, the Gladiators argue that the arbitration clause is unconscionable and should not be enforced. The Gladiators argue that, by waiting until after the start of the arena football season, National unconscionably forced the Gladiators to relinquish their right to prosecute their claims in court, rather than through arbitration. By way of explanation, the Gladiators told the district court they did not raise the unconscionability issue "in an effort to avoid duplicity [sic] and conserve judicial resources," as its claims of "duress and unconscionability that had been asserted before the Florida Court."

The district court properly determined that the argument was not properly raised for the first time on a motion for reconsideration, and deemed it waived - a finding we affirm. It is black letter law that a "motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y.

3

2001) *citing Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The district court also properly determined that the first filed rule did not apply. "Where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." *Motion Picture Lab. Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986) (citation and quotation omitted). Forum shopping is one of those special circumstances. *Id.; see also New York Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113 (New York choice of law clause and Southern District of New York forum selection clause favor disregarding first-filed rule). Here, the Payment Addendum contains a forum clause providing that "any action or proceeding concerning arbitrability, including motions to compel or stay arbitration, may be brought only in a court of competent jurisdiction in the City, County and State of New York." Thus, the district court rightly concluded that the proper venue for any action involving the arbitrability of the agreement was in New York, because it is what the parties agreed to. There is no error.

We have considered the remainder of the Gladiators' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk