**V.D.B. PACIFIC B.V. et al., Plaintiffs,**

v.

**Margie CHASSMAN et al., Defendants.**

**No. 09 Civ 8081 (VM).**

United States District Court,
S.D. New York.

Oct. 20, 2011.

**DECISION AND ORDER**

VICTOR MARRERO, District Judge.

## I. BACKGROUND

By Order dated October 3, 2011 (the "October 3 Order"), Magistrate Judge Debra Freeman, to whom this matter had been referred for supervision of pretrial proceedings, issued a ruling, which among other things reaffirmed a prior order dated August 3, 2011 (the "August 3 Order"). The August 3 Order denied reconsideration of a decision issued on January 19, 2011 (the "January 19 Decision") by Magistrate Judge Freeman imposing monetary sanctions on Attorney Michael Mantell ("Mantell"), plaintiffs' counsel herein, pursuant to Federal Rule of Civil Procedure 37(a)(5) for failure to comply in good faith with plaintiffs' discovery obligations in this action. Magistrate Judge Freeman found that such sanctions were warranted insofar as Mantell's conduct required judicial intervention to resolve a discovery dispute that under the circumstances should not have been necessary, thus causing defendants to incur attorneys' fees and costs for proceedings not warranted by the needs of the case. Mantell filed objections to the October 3 Order challenging its findings and conclusions and seeking reconsideration pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, the Court adopts the October 3 Order in its entirety.

## II. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters. See Fed.R.Civ.P. 72(a); see also *DeLuca v. Lord*, 858 F.Supp. 1330, 1345 (S.D.N.Y.1994).

## III. DISCUSSION

Having conducted a full review of the factual record in this litigation, including the parties' respective papers submitted in connection with the underlying dispute and Mantell's objections in this proceeding, as well as the January 19 Decision, the August 3 Order and the October 3 Order, and having considered applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the monetary sanctions imposed by Magistrate Judge Freeman on Mantell in the January 19 Decision and subsequent Orders, are not clearly erroneous or contrary to law and are thus warranted. Accordingly, for substantially the reasons set forth in the October 3 Order and the other related underlying Orders, the Court adopts the October 3 Order in its entirety.

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Order of Magistrate Judge Debra Freeman dated October 3, 2011 (the "October 3 Order") (Docket No. 143) is adopted in its entirety, and the motion of Michael Mantell ("Mantell") (Docket No. 144), plaintiffs' counsel herein, for reconsideration of the October 3 Order is DENIED; and it is further

**ORDERED** that in accordance with the decision of Magistrate Judge Debra Freeman dated January 19, 2011 and the subsequent Orders dated August 3, 2011 and October 3, 2011, each of which the Court herein adopts, Mantell is directed to pay to defendants, within thirty (30) days of the date of this Order, $18,562.50 representing attorneys fees and $85.22 of costs incurred by defendants as set forth in the orders described above.

**SO ORDERED.**

## ORDER

DEBRA FREEMAN, United States Magistrate Judge:

Subsequent to this Court's issuance of certain discovery Orders, defendant Margie Chassman ("Chassman") has again written to the Court:

(a) seeking reconsideration or resettlement of the Court's December 8, 2010 Order (*see* Letter to the Court from Stanley K. Shapiro, Esq., dated Dec. 13, 2010 ("12/13/10 Shapiro Ltr."); *see also* Order, dated Dec. 8, 2010 (Dkt. 63) (Mem. Endors.));

(b) providing, in compliance with the Court's December 2, 2010 Order ("12/2/10 Order") (Dkt. 60), a further explanation of the relevance of certain documents sought to be compelled from plaintiffs V.D.B. Pacific B.V. and JeGeCla B.V. ("Plaintiffs"), specifically the documents requested in Chassman's Requests Nos. 30–40 (*see* Letter to the Court from Stanley K. Shapiro, Esq., dated Dec. 16, 2010 ("12/16/10 Shapiro Ltr.")); and

(c) seeking sanctions under Fed.R.Civ.P. 37, for Plaintiffs' failure to engage in adequate good faith conference, and thereby putting Chassman to the expense of seeking unnecessary judicial intervention (*see* Letter to the Court from Stanley K. Shapiro, Esq., dated Jan. 13, 2011).

Upon due consideration of the parties' submissions, it is hereby ORDERED as follows:

### *The Court's December 8, 2010 Order*

Chassman's request for "reconsideration or resettlement" of the Court's December 8, 2010 Order is denied. While the Court accepts that Chassman and her counsel acted in good faith in responding to Plaintiffs' Requests To Admit, her responses, nonetheless, were not made in full conformity with the requirements of Fed.R.Civ.P. 36(a)(4), and thus it was appropriate for the Court to require that those responses be modified. Further, although Chassman argues that the Court's Order was "procedurally" unfair (12/13/10 Shapiro Ltr., at 1), the Court finds no such unfairness, as, prior to ruling, the Court afforded both parties an opportunity to address this matter in a conference before it.

### *Chassman's Document Requests Nos. 30–40*

With respect to Chassman's Document Requests Nos. 30–40, the Court accepts that the requests call for documents relevant to Chassman's pleaded defenses in this action. Plaintiffs' principal challenge to the requests appears to be that Chassman's defenses are inadequately pleaded (*see* Letter to the Court from Michael Mantell, Esq., dated Jan. 6, 2011, at 3–4), but the Court notes that, to date, Plaintiffs have made no motion to strike those defenses. In the discovery context, Plaintiffs' arguments regarding the sufficiency of Chassman's pleading is misplaced. Plaintiffs are therefore directed to produce responsive documents within two weeks of the date of this Order, to the extent any such documents exist. If no such documents exist, then Plaintiffs are directed to so state— not by letter, but rather by a formal response to Chassman's requests, in accordance with Fed.R.Civ.P. 34.

### *Sanctions*

Chassman argues persuasively that Plaintiffs' counsel failed to confer in good faith with respect to Plaintiffs' responses to Chassman's document requests and thereby forced Chassman to incur unnecessary attorneys' fees and expenses in seeking to compel production. Although the Court previously declined to award any sanctions (*see* 12/2/10 Order, at ¶ 4), the parties' more recent submissions to the Court demonstrate that a sanction would be appropriate.

By at least October 2010, Chassman attempted to raise with both Plaintiffs' counsel and the Court the issue of the sufficiency of Plaintiffs' responses to a large number of document requests. During a October 22, 2010 case management conference, the Court directed the parties to confer in good faith regarding those requests, and informed Chassman that, if such conference did not result in a resolution of the dispute, Chassman should lay out each document request in question for the Court, together with an ex-

planation as to why the documents sought were relevant and why Plaintiffs' responses were inadequate. Insisting that the information sought was irrelevant to Plaintiffs' claims in the case, Plaintiffs' counsel then apparently engaged in minimal discussion, if any, with Chassman's counsel, necessitating a lengthy submission to the Court from Chassman, detailing the nature of the documents at issue and their relevance. (*See* Letter to the Court from Stanley K. Shapiro, Esq., dated Nov. 8, 2010.) The Court spent time reviewing this submission, together with Plaintiffs' opposition and Chassman's reply. (*See* Letter to the Court from Michael Mantell, Esq., dated Nov. 17, 2010; Letter to the Court from Stanley K. Shapiro, Esq., dated Nov. 22, 2010.) After review, the Court concluded that, for the most part, Chassman's document requests were "reasonably tailored to seek evidence relevant to claims ... or defenses asserted in this case," and directed Plaintiffs to respond to 27 of Chassman's requests by December 23, 2010. (12/2/10 Order, at ¶ 1.)

Plaintiffs then proceeded to produce a small number of documents, in response to five of those requests. (*See* Plaintiffs' Response to Defendant Chassman's First Request to Plaintiff for Production of Documents as to Second Amended Complaint, dated Dec. 23, 2010.) For 16 of the requests, however, Plaintiffs stated that the documents being sought "d[id] not exist," and for another six requests, Plaintiffs stated that the documents had "already been furnished in disclosure." (*See generally id.*) This eventual response demonstrated that Chassman's motion practice was entirely unnecessary, with respect to 22 of the 27 requests that were the subject of the Court's Order.

Similarly, after the Court directed Chassman to provide a further explanation as to the relevance of another 11 of her requests— leading Chassman to make an additional, detailed submission to the Court (*see* 12/16/10 Shapiro Ltr.)—Plaintiffs finally revealed that no documents existed with respect to nine of those requests (*see* Letter to the Court from

Michael Mantell, Esq., dated Jan. 6, 2011, at 4).

Based on Plaintiffs' ultimate responses, it is clear that motion practice could have been avoided by reasonable good faith conference—as ordered by the Court. Had Plaintiffs' counsel merely informed Chassman's counsel that most of the documents being sought did not exist or, to the extent they did, they had already been produced, Chassman could have avoided wasting the time of both her counsel and the Court, and would not have incurred the cost of her counsel's preparation of largely unnecessary submissions.

For these reasons, and pursuant to both Fed.R.Civ.P. 37(a)(5) and 28 U.S.C. § 1927, Plaintiffs' counsel is directed to pay Chassman the reasonable attorneys' fees and costs associated with the preparation of Chassman's submissions to the Court dated November 8, 2010, November 22, 2010, December 16, 2010, and January 13, 2010.[1]

SO ORDERED

Jan. 19, 2011.

### ORDER

Currently before this Court are:

(a) A fee application made by defendant Margie Chassman ("Chassman") (Dkt. 81) in connection with sanctions previously imposed by the Court on counsel for plaintiffs V.D.B. Pacific and JeGeCla B.V. (collectively, "Plaintiffs") under Fed.R.Civ.P. 37 (Dkt. 64; *see also* Dkt. 83 (granting Plaintiffs' motion for reconsideration, but adhering to prior decision awarding fees));

(b) A motion by Plaintiffs (Dkt. 94) for reconsideration and re-argument of the Court's discovery Order of June 24, 2011 (Dkt. 92); and

(c) Letter applications by defendants Chassman and Mordechi Jofen ("Jofen") (collectively, "Defendants"), seeking a pre-motion conference in connection with Defendants' proposed motions

---

1. By letter dated January 13, 2011, Plaintiffs' counsel sought leave of Court to submit a sur-reply to Plaintiffs' submission of that date. The

Court perceives no need for sur-reply in this instance, and Plaintiffs' application is denied.

to strike Plaintiffs' pleadings and dismiss the Amended Complaint, as sanctions for Plaintiffs' alleged failures to comply with the Court's discovery orders and to prosecute the action.

These motions are hereby resolved as follows:

1. The Court has reviewed Chassman's submissions supporting the fees and costs requested from Plaintiffs' counsel in accordance with this Court's Rule 37 sanctions Order, and has also reviewed the submissions by Plaintiffs' counsel, challenging the amount of those fees and costs. After consideration of (a) counsel's billing rate, in view of counsel's level of experience and the local market, (b) the descriptions and character of the particular legal work performed, and (c) the nature of the claimed expenses, the Court finds both the requested fees of $18,562.50 and costs of $85.22 to be reasonable under *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 118–21 (2d Cir.2007). Accordingly, Plaintiffs' counsel is directed to pay to Chassman those requested amounts.

2. Plaintiffs' motion for reconsideration and re-argument (Dkt. 94) is denied, as Plaintiffs have made no showing that the Court overlooked any material facts or controlling law in issuing the June 24, 2011 Order. *See* Local Civ. R. 6.3. To the extent Plaintiffs' motion seeks clarification of the meaning of "back-up documentation" as referred to in paragraph 2 of that Order,[1] it should have been abundantly clear to Plaintiffs, based on the history of this discovery dispute and the Court's several rulings on the subject, that the Court was requiring Plaintiffs to produce documents sufficient to show, or to enable computation of, the *individual (i.e.,* not aggregated) gains or losses on any Collexis transactions. In other words, as the Court has already explained, the disclosure of aggregated reports is insufficient, without the additional disclosure of the documents or information necessary to enable Chassman to disaggregate the data

and identify the gains or losses *on particular Collexis transactions.*

3. Defendants may proceed to make whatever further sanctions motions they believe are supportable, without need for a pre-motion conference. Counsel are directed to negotiate a briefing schedule for any such motions.

SO ORDERED

Aug. 3, 2011.

### ORDER

The court has again received a number of submissions from the parties, including both formal motion papers and letter briefs. The court having reviewed all of the submissions currently before it, it is hereby ORDERED:

1. By motion dated August 9, 2011, Michael Mantell, Esq. ("Mantell"), counsel for plaintiffs V.D.B. Pacific and JeGeCla B.V. (collectively, "Plaintiffs"), moved to be relieved from any further representation of Plaintiffs in this action. (Dkt. 105.) Then, by notice dated August 29, 2011, Mantell voluntarily withdrew that motion. (*See* Dkt. 129.) Accordingly, the Clerk of the Court is directed to close, on the Court's Docket, the motion entered as Dkt. 105. In addition, as Mantell's August 29 "notice" is erroneously identified on the Court's Docket as a "motion" (*see* Dkt. 129), the Clerk is further directed to correct that docket entry, so that Dkt. 129 does not appear on the Court's Docket as an open motion.

2. On September 2, 2011, having withdrawn his initial motion to be relieved as Plaintiffs' counsel, Mantell renewed that motion. (Dkt. 133.) That motion is now resolved as follows:

   a. Mantell's renewed motion to withdraw is granted, except that he shall remain counsel of record for Plaintiffs until November 3, 2011, so as to afford Defendants an opportunity to obtain new counsel.

---

1. In this regard, the Court's Order specifically stated: "If, for tax purposes, gains and losses for different transactions were only reported by Plaintiffs in the aggregate for a fiscal year, as Plaintiffs now appear to suggest, then Plaintiffs should have produced to Chassman the back-up documentation showing how the aggregate was calculated, so that Chassman would be able to see the gain or loss on the Collexis transaction(s)." (Dkt. 92, at ¶ 2.)

b. If Plaintiffs wish to proceed with this action, then they must file a Substitution of Counsel no later than November 3, 2011. Plaintiffs are strongly cautioned that corporations may not appear in this Court without being represented by counsel, and that their failure to retain new counsel may result in both (i) the dismissal of their claims for failure to prosecute, and (ii) the entry of a default judgment against them on the counterclaims of defendants Margie Chassman ("Chassman") and Mordechai Jofen ("Jofen") (collectively, "Defendants"). *See Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2d Cir.2006) (" '[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it.' " (quoting *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir.1975))).

c. Mantell shall promptly serve a copy of this Order on Plaintiffs.

3. Nothing herein shall be construed to relieve Mantell of his outstanding obligation to pay certain of defendant Chassman's attorneys fees and costs as a discovery sanction, pursuant to the Court's prior Order dated August 3, 2011. (Dkt. 104.) In this regard, Mantell's motion for reconsideration of the amount of that fee award (Dkt. 114, as amended by Dkt. 121) is denied. The Court previously reviewed Chassman's billing records and found the requested fees and costs to be reasonable, and nothing in Mantell's motion for reconsideration demonstrates that the Court overlooked any facts or controlling law in reaching that conclusion. Further, although Mantell now argues that requiring him to pay the awarded amount would represent an undue financial hardship to him, he raised no such issue in opposing the sanctions motion in the first instance, and he should not be permitted to raise the issue now. *See* Local Civil R. 6.3; *see also National Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Professional Football Ltd. Partnership*, 409 Fed.Appx. 401, 403 (2nd

Cir.2010) (affirming district court's finding that an argument was not properly raised for the first time on a motion for reconsideration and that the argument had been waived); *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y.2001) ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court"). In any event, the Court's fee award was intended to compensate Chassman for attorneys' fees and costs that she would not have had to pay, but for Mantell's conduct in discovery, and the amount of the award was not exorbitant, especially in light of the manner in which this case had been litigated by Plaintiffs.[1]

4. Given the Court's rulings herein, defendant Chassman's application by letter dated September 8, 2011, for a stay of the motion for reconsideration until Mantell either satisfies the fee award or posts a bond to secure its payment, is denied.

SO ORDERED

Oct. 3, 2011.

---

1. The Court has considered Mantell's request for oral argument on his reconsideration motion, but concludes that the motion is straightforward, that the parties' arguments have been sufficiently presented in their written submissions, and that no further argument is necessary.